And in the 81 Maryland, at page 559, the decision was:

"When the property of a private corporation has been placed in the hands of a receiver, all expenses for safe keeping and preservation are properly payable out of the income, or, if there be none, then out of the proceeds of the corpus of the estate when sold."

The receiver, then, should distribute the funds in his hands, first, to the costs of this case, which include his own fee  and the fees of his counsel, as well as operating expenses; second, all taxes, assessments, and penalties; third, the unsatisfied mortgages and other liens; fourth, general creditors.

Common Pleas Court of Hamilton County.

JOHN O. MILLER, ADMR. v. UNITED BRETHREN CHURCH, ET AL.

Decided April 14, 1933.

*William R. Collins*, for plaintiff.

*Foulk & Solomon, R. E. Simmonds, Jr., E. S. Comrey, George H. Kattenhorn, Nippert & Nippert, Charles Rodner, Edward C. Lovett*, and *M. C. Slutes*, for defendants.

MATTHEWS, J.

This is an action in which the plaintiff as administrator with the will annexed of the estate of Harry B. Miller is seeking the direction of the court respecting the manner of distribution under the terms of the last will of Harry B. Miller, deceased.

The evidence shows that Harry B. Miller died on April 29, 1932, leaving a will and codicil, by which his wife, Clara J. Miller, was given a life estate in all his property, with power to use the income and any part or all of the principal for her comfort and support, and upon her death what was left was to be distributed to certain named beneficiaries. Five days after the death of Harry B. Miller, his widow, Clara J. Miller, died. She was sick and unconscious at the time of her husband's death and died without having regained consciousness. There was, therefore, no election made by the widow. The appraisers fixed $1,200 as her year's allowance.

The case presents the question of the respective rights of those claiming under Clara J. Miller, the other beneficiaries under the will of Harry B. Miller, and his next of kin.

The determination of the respective rights of the parties is dependent upon a proper construction of the various sections of the new Probate Code. Provision is made by Section 10504-55 for the election of the widow or widower. By this section it is provided that:

"After probate of the will and filing of the inventory, appraisement and schedule of debts, the Probate Court on the motion of the executor or administrator, or on its own motion, forthwith shall issue a citation to the surviving spouse, if any, to elect whether to take under the will or

under the statute of descent and distribution; *but in the event of election to take under the statute of descent and distribution, such spouse shall take not to exceed one-half of the estate."*

By Section 10504-60, General Code, provision is made to cover the case of a failure by affirmative act to elect within the time limited by law and for the case of death within the time without having elected. Upon the subject of death within the time limited for election without an election having been made by affirmative act, it is provided by that section that:

"If the surviving spouse dies within the time limit for election without having elected, then such spouse, whether or not citation has been issued, shall be presumed conclusively to elect to take under the statute of descent and distribution."

It is contended on the one hand that under Section 10504-55, General Code, the right of the surviving spouse upon an election to take under the statute of descent and distribution is limited to one-half of the estate, and that that limitation applies to a presumed election, and on the other hand, it is contended that under the terms of Section 10504-60, General Code, where the surviving spouse dies without having affirmatively elected within the time limited by law therefor, the rights of those claiming through such deceased surviving spouse must be determined by reference to the statute of descent and distribution without any limitation thereon imposed by Section 10504-55, General Code, and that inasmuch as Harry B. Miller died without leaving any child or lineal descendant thereof and no surviving parent, the widow took the entire estate under the terms of Section 10503-4, General Code.

As between these two contentions it seems to me that the former is the correct one. Section 10504-55, General Code, is the one in which the legislature intended to pronounce the effect of choosing or electing between taking under the will and taking under the law and, by that section it is specifically provided that an election to take under the statute of descent and distribution shall have the effect of giving to the

surviving spouse the estate provided in the statute of descent and distribution, limited by the provision that in no event shall it exceed one-half of the estate.

It was not intended by Section 10504-60, General Code, to define the effect of an election, but rather to establish a presumption to guide the court in the contingency of non-action on the part of the surviving spouse, and when in that section it is provided that if the surviving spouse dies within the time limited for election without having elected, then such spouse shall be presumed conclusively to elect to take under the statute of descent and distribution, the legislature, in my opinion, intended simply to distinguish between the two forms of election. These two forms of election are provided for in Section 10504-55, General Code, and in the event of election not to take under the will, the interest of the surviving spouse cannot exceed one-half of the estate.

There is no provision in the law for an election to take the entire estate unless Section 10504-60, General Code, provides a special election not for the benefit of the surviving spouse, but to be implied, upon the death of the surviving spouse within the time limited for election without having elected, for the benefit of those claiming through such deceased spouse. It seems to me manifest that where-ever the word "election" or "elected" is used in Section 10504-60, General Code, it is used in the sense in which that term is defined in Section 10504-55, General Code. If that is true, then the implied or presumed election has the same effect as an actual election and gives to the estate of the surviving spouse a right to what he or she would have taken under the statute of descent and distribution limited only by the provisions that it shall not exceed one-half of the estate.

This construction seems clear to me and it seems doubly clear when we consider that the contrary construction would in some cases, and in fact in this case, give to those claiming through the surviving spouse a greater interest in the estate than the surviving spouse would have taken had he or she survived and actually made the election.

I therefore find that Clara J. Miller, the surviving spouse,

having died without having made an actual election within the time limited therefor, took a one-half share of this estate under the terms of the aforesaid sections.

In determining the amount of this estate for distribution to the beneficiaries under the will and the estate of the widow, who is considered as having elected to take under the law, there must be deducted the amount allowed for the support of the widow for one year. Upon this subject the parties are in agreement. They are not in agreement as to whether or not there should be a deduction of $2500 under the provisions of Section 10509-54, General Code. It is provided by that section that:

"When a person dies without leaving a surviving spouse, or minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate; household goods, live stock, tools, implements, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such living spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

This section provides, in the first place, that the property referred to shall not be deemed assets or administered as such. It is contended, however, that before this property

can be eliminated from the estate there must have been a selection by the surviving spouse. It is true that the section does provide for a selection. It also provides that if property of less value than the total amount which the surviving spouse is entitled to select is made, then the difference shall be a charge on all the property belonging to the estate.

It seems to me that by this section the legislature has created a prior claim in favor of the surviving spouse against the estate in a certain amount, with the privilege of selecting assets to satisfy the claim but with no requirement that a selection shall be made. If the surviving spouse had selected a single article of insignificant value, by the express terms of the section he or she would have been entitled to receive the balance in cash. It seems to me quite clear that the legislature did not intend to establish a rule making the right of the surviving spouse dependent upon selection and at the same time not require that the selection should cover the entire amount to which the claimant would be entitled. A contrary construction would impute to the legislature an intent to make the right of the surviving spouse depend upon the performance of an inconsequential condition. If it did not so intend, then the section clearly provides for a claim against the estate in an amount easily ascertained by the terms of the section with the provision that the surviving spouse should have the right to select assets not exceeding the value of said claim in satisfaction thereof in, whole or in part.

The court therefore holds that Clara J. Miller at the time of her death had a preferred claim created by law against this estate to the extent of twenty per centum thereof, but in no event to exceed $2500, and that this sum should be paid to her personal representative before determining the amount to be distributed to the beneficiaries of the estate under the law and under the will.